IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY P. BURCHAM,<br><br>                Plaintiff,<br><br>v.<br><br>FORD MOTOR CREDIT<br>COMPANY LLC,<br><br>                Defendant. | CIVIL ACTION NO.<br>3:16-cv-943<br><br>[Removed from the Circuit<br>Court for the 20th Judicial Circuit,<br>St. Clair County, Illinois, Civil<br>Action No. 2016-L-362] |

## NOTICE OF REMOVAL

Defendant Ford Motor Credit Company LLC ("Ford Credit") hereby removes the above-captioned action from the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, to this Court, reserving all rights and defenses, including its right to demand arbitration of the dispute, and shows the following grounds for removal:

1. On July 25, 2016, Ford Credit was served with the complaint in this action. There are no other defendants.

2. This Notice of Removal has been filed within 30 days of the date of such service on Ford Credit.

3. This action is between citizens of different states. Plaintiff is a citizen of the State of Illinois. Ford Credit is a Delaware limited liability company with its

principal place of business in Michigan.  The sole member of Ford Motor Credit Company LLC is Ford Holdings, LLC, a Delaware limited liability company.  The sole member of Ford Holdings, LLC is Ford Motor Company.  Ford Motor Company is a Delaware corporation with its principal place of business in Michigan.  Therefore, Ford Credit is a citizen of Delaware and Michigan.

4. The complaint is a re-filing of a nearly identical action brought by Plaintiff through the same counsel and removed to this Court last year.  *Burcham v. Ford Motor Credit Company LLC,* 3:15-cv-00509-DRH-DGW.

5. During briefing of Plaintiff's motion to remand the original action to state court, Plaintiff voluntarily dismissed his case.

6. The original complaint alleged that "[Ford Credit] routinely fails to release security interests as required by Illinois law." (Compl. ¶ 1.) The revised complaint omits this allegation but nowhere negates it.

7. Like the original complaint, the new complaint defines the proposed class as follows:

> All Illinois citizens who, from five years preceding the filing of this case until final judgment, were not given a timely security interest release as required by 625 ILCS 5/3-205, within the time limits of 625 ILCS 5/3-205 . . . .
>
> Excluded from the Class are members of the judiciary, Defendant, and any entity in which it has a controlling interest, including officers and directors and the members of its immediate corporate family and Plaintiff's counsel.

(Compl. ¶ 14.)

8. The new complaint seeks certification of a class action as defined in 28 U.S.C. §1332(d)(1)(B).

9. The new complaint adds to the class definition the following language: "To be clear, this definition does not include any Illinois citizens who were given a timely release of their security interest by defendant Ford Motor Credit or persons not yet entitled to a release of security interest."  (Compl. ¶ 14.)

10. The class definition is of an improper "fail-safe" class, in which membership turns on the merits of each putative class member's claim.  *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 660 (7th Cir. 2015).

11. The complaint alleges that "[t]he claims of Plaintiff are substantially similar, if not identical to, those of absent Class members."  (Compl. ¶ 18.)

12. A defendant does "not have to confess liability in order to show that the controversy exceeds the threshold."  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).

13. The amount in controversy in this action exceeds $5 million exclusive of interest and costs.  Plaintiff seeks, among other things, "damages as allowed by law in an amount in excess of $50,000.00 as a class."  (Compl., "Wherefore" paragraph.)

14. If the statutory violation alleged in the complaint is established, the statute provides for a $150 penalty for each class member, plus attorneys' fees and costs: "In addition to any other penalty, a lienholder who fails to execute a release of his or her security interest or who fails to mail or deliver the certificate and release within the time limit provided . . . is liable to the person or entity that was supposed to receive the release or certificate for $150 plus reasonable attorney fees and court costs." 625 ILCS 5/3-205(c).

15. According to Ford Credit's business records, more than 160,000 accounts meet the following criteria:

   a. The customer was an Illinois resident at the time of contracting for the purchase of a vehicle; the contract was entered into in Illinois; and the customer's most recent address is in Illinois, so the vehicle would be titled in Illinois; and

   b. The account was paid off on or after July 13, 2011, *i.e.*, within five years before the new complaint was filed.

16. Multiplying the $150 sought pursuant to 625 ILCS 5/3-205(c) times 160,000 accounts demonstrates at least $24,000,000 in controversy in this action. If a violation as to even 21 percent of those accounts can be proven, the Class Action Fairness Act's jurisdictional requirements are met. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014).

17. If Plaintiff can establish a violation of the statute, Plaintiff would also be entitled to seek attorneys' fees, a claim which is unliquidated but capable of estimation and "in controversy," in addition to the statutory penalty described above, even though the new complaint deletes the original complaint's specific demand for attorneys' fees. *See Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (though not demanded in complaint, the possibility of punitive damages could be considered in determining jurisdictional amount).

18. Although the new complaint purports to impose an arbitrary cap on class membership at 30,000 members, (Compl. ¶ 16(b)), such limitations are ineffective in establishing the federal jurisdictional amount. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).

19. "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court. Only jurisdictional *facts,* such as which state issued a party's certificate of incorporation, or where a corporation's headquarters are located, need be established by a preponderance of the evidence." *Back Doctors,* 637 F.3d at 830.

20. The number of putative class members exceeds 100.

21. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332(d)(2) in that this is a purported class action in which the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and

5

members of the alleged plaintiff class are citizens of a state different from that of Ford Credit.

22. This action is properly removable to this Court under 28 U.S.C. §1453.

23. Attached hereto as Exhibit 1 are copies of all process, pleadings and other documents served or filed to date in this action.

24. A copy of this Notice of Removal is being contemporaneously filed with the Circuit Court of Saint Clair County, instructing that no further proceedings shall be had unless and until such time as this matter may be remanded from this Court.

25. Ford Credit disputes the merits of Plaintiff's claims and submits the foregoing figures solely for determination of the amount in controversy.

                              *s/ Patrick Cloud*
                              Patrick Cloud, ARDC # 6282672
                              HEYL, ROYSTER, VOELKER & ALLEN
                              105 West Vandalia Street, Suite 100
                              Edwardsville, Illinois 62025
                              Tel.   618.656.4646
                              Fax   618.656.7940
                              *pcloud@heylroyster.com*

                              Attorneys for Defendant
                              Ford Motor Credit Company LLC

Of counsel:

Thomas M. Byrne
Valerie S. Sanders
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia  30309-3996
Tel.   404.853.8000
Fax    404.853.8806
*tom.byrne@sutherland.com*
*valerie.sanders@sutherland.com*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of August, 2016, a copy of the foregoing **Notice of Removal** was served on counsel of record by e-mail and by United States mail, postage prepaid, addressed as follows:

>Shari L. Murphy
>THE LAW OFFICES OF SHARI L. MURPHY, LLC
>P.O. Box 136
>Wood River, Illinois  62095-0136
>*smurphy@sharimurphylaw.com*

>>*s/ Patrick Cloud*
>>Patrick Cloud