# Exhibit 1



# SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS
## AFFIDAVIT OF SERVICE



* 0 2 1 6 8 1 6 3 *

| CASE NUMBER: 16L362 | MULT.SER. 1 | DOC. TYPE: LAW |
|---|---|---|
| DIE DATE: 08/10/2016 | RECEIVED DATE: 7/20/2016  12:00:00 PM    FILED DATE: 07/13/2016 | DIST: 604 DC |

**DEFENDANT**

FORD MOTOR CREDIT COMPANY, LLC

208 S LASALLE ST

CHICAGO, IL 60604

SUITE 814

**PLANTIFF**

BURCHAM, JEFFREY P

**ATTORNEY**

SHARI L MURPHY

PO BOX 136

WOOD RIVER, IL 62095

(618) 797-8888

FCFOREIGN

FILED
ST. CLAIR COUNTY

AUG 04 2016

CIRCUIT CLERK

**ATTACHED FEE AMOUNT:**

**SERVICE INFORMATION:** R/A CT CORPORATION SYSTEM

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

_____ **(1) PERSONAL SERVICE:**

BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

_____ **(2) SUBSTITUTE SERVICE:**

BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE _____ DAY OF _____ 20_____

_____ **(3) UNKNOWN OCCUPANTS:**

BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

__C__ **(4) CORP/CO/BUS/PART:**

BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION _____ COMPANY _____ BUSINESS _____ PARTNERSHIP _____

_____ **(5) PROPERTY RECOVERED:**

NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

_____ **(6) S.O.S./D.O.I.:**

BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

_____ **(7) CERTIFIED MAIL**

***** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT *****

_____ **(8)** AND BY MAILING ON THE _____ DAY OF _____ 20_____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| _____ (01) NO CONTACT | _____ (05) WRONG ADDRESS | _____ (09) DECEASED |
| _____ (02) MOVED | _____ (06) NO SUCH ADDRESSS | _____ (10) NO REGISTERED AGENT |
| _____ (03) EMPTY LOT | _____ (07) EMPLOYER REFUSAL | _____ (11) OUT OF COOK COUNTY |
| _____ (04) NOT LISTED | _____ (08) CANCELLED BY PLAINTIFF ATTY | _____ (12) OTHER REASON (EXPLAIN) |

EXPLANATION: _____

| | ATTEMPTED SERVICES | | |
|---|---|---|---|
| | | DATE | TIME (AM/PM)    STAR # |

WRIT SERVED ON: Kimberly Hightower

SEX: M / F     RACE: BLK     AGE: 45     25 Jul 16     09 :05 A.m.     11362

THIS 25 DAY OF Jan , 2016

Thomas J. Dart

SHERIFF, BY: DIS # 11362 , DEPUTY

RBE170

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois        )
                         ) S.S.
County of St. Clair      )

Case Number _____ 16-L 362

Amount Claimed _____

Jeffrey P. Burcham, individually and on behalf

of all others similarly situated

Ford Motor Credit Company.

**VS**

DOC TYPE:  LAW
CASE NUMBER:  16L362
DEFENDANT
FORD MOTOR CREDIT COMPANY, LLC
208 S LASALLE ST
CHICAGO, IL 60604
SUITE 814

**Plaintiff(s)**

SERVICE INF
R/A CT CORI

ATTACHED

DIE DATE
08/10/2016

Classification Prefix Civil _____ Code ___ L ___   Nature of Action _____

Pltf. Atty. Shari L. Murphy, #6279670 _____ Code _____
Address P O Box 136
City Wood River, IL 62095-0136 _____ Phone 797-8888
Add. Pltf. Atty. _____ Code _____

**TO THE SHERIFF: SERV**

NAME CT Corporation Sys

Registered Agent

ADDRESS 208 So LaSalle

## SUMMONS COPY

To the above named defendant(s). . . . . . :

CITY & STATE Chicago, IL 60604

[image] A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20__
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

[✓] B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

**SEAL**

WITNESS, _____ 7 - 13 20 16

_Kahalah Clay_
Clerk of Court

BY DEPUTY _Vickie Wahl_

DATE OF SERVICE: _____ 20__
(To be inserted by officer on copy left with defendant
or other person)

# THE LAW OFFICES OF SHARI L. MURPHY, LLC

ATTORNEY AND COUNSELOR AT LAW
P.O. BOX 136
WOOD RIVER, IL 62095-0136
LICENSED IN ILLINOIS & MISSOURI

CELL 618-797-8888
FAX 618-576-6239
SMURPHY@SHARIMURPHYLAW.COM

August 2, 2016

St. Clair Circuit Court Clerk
10 Public Square
Belleville, Illinois 62220-1623

> FILED
> ST. CLAIR COUNTY
> AUG 04 2016
> CIRCUIT CLERK
> 13

RE:   Jeffrey P. Burcham et al vs. Ford Motor Credit Company, LLC
      Cause No.: 16-L-362

Dear Sir/Madam,

Enclosed please find an original Return of Service in regards to the Summons issued on July 13, 2016.

Thank you for your attention in this matter.

Sincerely,

Laverne Rippy,
Paralegal

Enclosure

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number _____ 16-L 3602

Amount Claimed _____

| | |
|---|---|
| Jeffrey P. Burcham, individually and on behalf of all others similarly situated | Ford Motor Credit Company, LLC |
| | **VS** |
| **Plaintiff(s)** | **Defendant(s)** |

Classification Prefix _Civil_ _____ Code __L__   Nature of Action _____ Code _____

Pltf. Atty. _Shari L. Murphy, #6279670_ ___ Code ____
Address _P O Box 136_
City _Wood River, IL 62095-0136_ ___ Phone _797-8888_
Add. Pltf. Atty. _____ Code ____

### SUMMONS COPY

To the above named defendant(s). . . . . . :

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME CT Corporation System
    Registered Agent
ADDRESS 208 So LaSalle Street, Ste 814

CITY & STATE Chicago, IL 60604

**A.** You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

**✓ B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
    This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

    This summons may not be served later than 30 days after its date.

WITNESS, _____ 7 - 13 20 16

_Kahakah Clay_
        Clerk of Court

BY DEPUTY _Vickie Stoffel_

**S E A L**

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant or other person)

**ST CLAIR COUNTY**
**TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY**

**RECEIPT #: C** 000414076      **DATE:** 07-13-2016      **TIME:** 11:19:44
**RECEIVED OF:** THE LAW OFFICES OF SHARI L MUR      **MEMO:**
     **PART. ID:** 998004
     **BY CLERK:** gt
     **CHECKS: A** 1166      $268.00

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $0.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
| 16-L-0362 | 2023 | PMT:CFIL COMPLAINT FILING FEE | | $268.00 |
| BURCHAM VS FORD MOTOR | | | | |
| PARTY: MURPHY SHARI | | | | |

**TOTAL RECEIPT...**      $268.00

\*   CHECK/CHEQUE IS CONDITIONAL PAYMENT
\* PENDING RECEIPT OF FUNDS FROM BANK. \*

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

JEFFREY P. BURCHAM individually and
on behalf of all others similarly situated,

                    Plaintiff,

           v.

FORD MOTOR CREDIT COMPANY,
LLC,

                 Defendant.

Case No. 2016-L-$3\,6\,2$



## MOTION FOR CLASS CERTIFICATION

COMES NOW, JEFFREY P. BURCHAM, individually and on behalf of all others similarly situated, by and through his undersigned attorney, seeking an order certifying this action as a class action, appointing Jeffrey P. Burcham as class representative, and The Law Offices of Shari L. Murphy, LLC as class counsel, to wit:

### INTRODUCTION

This is a case concerning violations of the Illinois Motor Vehicle Code regarding the timely release of security interests in vehicles.

Jeffrey P. Burcham moves, pursuant to 735 ILCS 5/2-801, to certify the following Class and for him as class representative:

        Class A:

        All Illinois citizens, who from five years preceding the filing of this case until final judgment, were not given a timely security interest release as required by 625 ILCS 5/3-205, within the time limits of 625 ILCS 5/3-205. To be clear, this definition does not include any Illinois citizens

who were given a timely release of their security interest
by Defendant Ford Motor Credit, or persons not yet
entitled to a release of security interest.

Excluded from the Class are members of the judiciary, Defendant, and any entity in
which it have a controlling interest, including officers and directors and the
members of its immediate corporate family and Plaintiff's counsel.   Plaintiff's
counsel also moves that this Court appoint Jeffrey P. Burcham as class
representative, and appoint The Law Offices of Shari L. Murphy, LLC as class
counsel.

## FACTS AND ARGUMENT

In Illinois, class certification is governed by section 2-801 of the Code of Civil
Procedure, 735 ILCS 5/2-810, which provides:

An action may be maintained as a class action in any
court of this State and a party may sue or be sued as a
representative party of the class only if the court finds:

(1)    The class is so numerous that joinder of all
members is impracticable.

(2)    There are questions of fact or law common to the
class, which common questions predominate over any
questions affecting only individual members.

(3)    The representative parties will fairly and
adequately protect the interests of the class.

(4)    The class action is an appropriate method for the

fair and efficient adjudication of the controversy.

Decisions regarding class certification are within the sound discretion of the trial court, and should be overturned only where the court clearly abused its discretion or applied impermissible legal criteria. McCabe v. Burgess, 75 Ill.2d 457, 464-65 (1979). Plaintiffs will address each of the four elements, each of which is met in this case.

A.    Numerosity

Touching upon the numerosity element, the Plaintiff must show that joinder of all members is impracticable, but it is not required to show that joinder is impossible. Smith v. Ill. Cent. Ry. Co., 363 Ill.App.3d 944 (5th Dist.2005), citing 1 Newberg on Class Actions §3:4, at 230. The impracticability of a joinder must be determined in the context of the particular litigation, because there is no magic number that clearly defines numerosity. Wood River Area Development Corp. v. Germania Federal Savings & Loan Ass'n, 198 Ill.App.3d 445, 449-50 (5th Dist. 1990); 1 Newberg on Class Actions §3:3, at 225. Some evidence of the number of class members must be shown, but the exact size is not required, and a good-faith estimate is sufficient when the number of class members is readily ascertainable. Smith, 363 Ill.App.3d 944. Here, Defendant has failed to release Plaintiff's satisfied lien as required by law, and on information and belief, has done similarly to more than fifty but less than thirty thousand Illinois citizens.

Accordingly, Plaintiff moves to define the class as those persons, identified in the class definition, the members of which are more numerous than fifty but less

than thirty thousand persons, so that joinder of them in a single action is impracticable. 735 ILCS 5/2-801(1). See Complaint.

B.    Common Questions of Law and Fact

"Commonality" requires that there be questions of fact or law common to the class that predominate over other questions affecting only individual class members. 735 ILCS 5/2-801; Steinberg v. Chicago Medical School, 69 Ill. 2d 320, 338 (1977). A single issue common to all members of the class will satisfy the requirement if it predominates. Smith, Supra; 1 Newberg on Class Actions §3:10, at 273-74; 5 Newberg on Class Actions §17:10, at 321. Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members and if it is based on the same legal theory. 1 Newberg on Class Actions §3:15, at 335-56. In order to satisfy the commonality requirement of section 2-801, it must be shown that "'successful adjudication of the purported class representatives' individual claims will establish a right of recovery in other class members.'" Avery, 216 Il.2d at 128.

There are questions of law and fact that are common to all class members, including inter alia:

>    (a)    Whether Defendant fails to release security interests within the time limits set forth in 625 ILCS 5/3-205;
>
>    (b)    Whether more than fifty but less than thirty thousand of Defendant's customers were aggrieved by a violation of 625 ILCS 5/3-205.

Page 4 of 8                          16-L-_____

In this case, quite simply, whether Jeffrey P. Burcham wins or loses, the result will be identical for each member of the putative class for which the satisfied lien was not released on their motor vehicle as required by 625 ILCS 5/3-205.

C.    Adequacy of Representation

"The test applied to determine adequacy of representation is whether the interests of those who are parties are the same as those who are not joined and whether the litigating parties fairly represent those not joined. (Newberry Library v. Board of Education (1944), 387 Ill. 85, 90, 55 N.E.2d 147.) The attorney for the representative party 'must be qualified, experienced and generally able to conduct the proposed litigation.' (Steinberg v. Chicago Medical School (1977), 69 Ill.2d 320, 339, 13 Dec. 699, 371 N.E.2d 634.) Additionally, plaintiff's interest must not appear collusive.  Steinberg v. Chicago Medical School (1977), 69 Ill.2d 320, 338-39, 13 Ill.Dec. 699, 371 N.E.2d 634." Miner v. Gillette Co., 87 Ill.2d 7, 14-15 (1981).

In this case, Plaintiff's Counsel can and will fairly and adequately represent and protect the interests of the Class, 735 ILCS 5/2-801, for the reasons enumerated herein.  First, the claims of Jeffrey P. Burcham are substantially similar, if not identical to, those of absent Class members.  Second, there are questions of law or fact that are common to the Class and that overwhelmingly predominate over any individual issues, such that by prevailing on their own claims, Plaintiff's Counsel will necessarily establish Defendant's liability as to all Class members.

In addition, without the Class representation provided by Plaintiff's Counsel and Jeffrey P. Burcham, virtually no Class members will receive legal

representation or redress for their injuries.

Jeffrey P. Burcham and his counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and Class Counsel are aware of their fiduciary responsibilities to Class members and are determined diligently to discharge those duties by vigorously seeking the maximum possible recovery for the Class.

E.    Appropriateness

To satisfy the "appropriate method" requirement, the plaintiff must demonstrate that the class action (1) can best secure the economies of time, effort, and expense and promote a uniformity of decision or (2) can accomplish the other ends of equity and justice that class actions seek to obtain. McCabe v. Burgess, 75 Ill.2d 457, 468 (1979). Class actions based on consumer protection statutes are often the last barricade to protecting consumers. Clark v. TAP Pharmaceutical Products, Inc., 343 Ill.App.3d 538, 798 N.E.2d 123, 134 (5th Dist.2003). Consumer class actions provide restitution to the injured and deterrence to the wrongdoer, thus, furthering the ends of equity and justice are attained. Id. Litigating individual lawsuits when there are more than fifty class members and the existence of common questions of law and fact, would be a waste of judicial resources, whereas the class action device will serve the economies of time, effort, expense, and prevent possible inconsistent results. Id. Those same considerations apply in this case, as Jeffrey P. Burcham, for example, has himself only been wronged, in an amount of approximately $150.00 per 625 ILCS 5/3-205 and costs and fees.

Collectively, given the number of similarly situated customers greater than fifty in number but less than thirty thousand, discussed supra. The class action device is an effective tool to efficiently seek a recovery for others, such as Jeffrey P. Burcham, who suffered harm while only being of limited means.

A class action is the appropriate method to resolve this matter compared to any other available method for the fair and efficient adjudication of this controversy, given that:

(a)   Common questions of law and fact overwhelmingly predominate over any individual questions that may arise, such that there would be enormous economies to the Court and the parties in litigating the common issues on a classwide instead of a repetitive individual basis;

(b)   The size of each Class member's relatively small claim is too insignificant to make individual litigation an economically viable alternative, such that as a practical matter there is no "alternative" means of adjudication to a class action;

(c)   Few Class members have any interest in individually controlling the prosecution of separate actions (any that do may opt out);

(d)   Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by Class members;

(e)   Despite the relatively small size of individual Class members' claims, their aggregate volume of at least fifty persons, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this class action to be litigated on a cost-effective basis, especially when compared with repetitive individual litigations; and

(f)   No unusual difficulties are likely to be

Page 7 of 8                           16-L-_____

encountered in the management of this class action insofar as Defendant's liability turns on substantial questions of law or fact that are common to the Class and that predominate over any individual questions.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff Jeffrey P. Burcham, individually and on behalf of all others similarly situated, requests that this court (1) certify the foregoing Plaintiff Class of more than fifty persons, (2) appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel, (3) award Plaintiff, and the foregoing Plaintiff Class, damages as allowed by law in an amount in excess of $50,000.00 as a class, (4) such other, further, and different relief as is appropriate under the circumstances, and as allowed by law, against Defendant FORD MOTOR CREDIT COMPANY, LLC.

DATED: 7-12-16

Respectfully submitted,
Jeffrey P. Burcham,
Class Plaintiff,

By:
One of His Attorneys
Shari L. Murphy #6279670
The Law Offices of Shari L. Murphy, LLC
P.O. Box 136
Wood River, Illinois 62095-0136
Telephone: (618) 797-8888
Facsimile: (618) 576-6239

Attorneys for Plaintiff and Proposed
Class

Page 8 of 8                    16-L-_____

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

JEFFREY P. BURCHAM individually and
on behalf of all others similarly situated,

      Plaintiff,

  v.

Case No. 2016-L-362

FORD MOTOR CREDIT COMPANY,
LLC,

      Defendant.



FILED
ST. CLAIR COUNTY
JUL 1 3 2016
_Hulah a Clay_
CIRCUIT CLERK

### ENTRY OF APPEARANCE

  COME NOW, Shari L. Murphy and the Law Offices of Shari L. Murphy, LLC,

entering their appearance on behalf of Plaintiff JEFFREY P. BURCHAM

individually and on behalf of all others similarly situated, in the above case.

DATED: 7-12-16

Respectfully submitted,
Jeffrey P. Burcham,
Class Plaintiff,

By: _Shari Murphy_
One of His Attorneys

Shari L. Murphy #6279670
The Law Offices of Shari L. Murphy, LLC
P.O. Box 136
Wood River, Illinois 62095-0136
Telephone: (618) 797-8888
Facsimile: (618) 576-6239

Attorneys for Plaintiffs and Proposed
Class

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

JEFFREY P. BURCHAM individually and
on behalf of all others similarly situated,

      Plaintiff,

  v.

FORD MOTOR CREDIT COMPANY,
LLC,

      Defendant.

Case No. 2016-L-362



## COMPLAINT

COMES NOW, Plaintiff JEFFREY P. BURCHAM individually and on behalf of all others similarly situated, by and through his undersigned attorneys, and for his Complaint against Defendant FORD MOTOR CREDIT COMPANY, LLC, states as follows:

### NATURE OF ACTION

1. This case is about Defendant FORD MOTOR CREDIT COMPANY, LLC's, failure to release security interests on vehicles within the time limits of 625 ILCS 5/3-205 after a former security interest was satisfied. In particular, as alleged herein, Defendant has failed to release the security interests of more than fifty persons as required by Illinois law, including that of Plaintiff JEFFREY P. BURCHAM ("Plaintiff") for his 2006 Ford Fusion SE ("the vehicle"), vehicle identification number 3FAFP07Z66R198110. 625 ILCS 5/3-205(b)

### JURISDICTION AND VENUE

2.      Jurisdiction exists pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/2-209 §§ (a) (1) as Plaintiff's claims arise from business transacted within Illinois, (a) (2) as Plaintiff's claims arise from the commission of tortious acts within this state, and (b) (4) because Defendant does business within Illinois.

3.      Venue in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, is proper under the Illinois Code of Civil Procedure, 735 ILCS 5/2-101 and 2-102, because Defendant does business in this county.

PARTIES

4.      At all times relevant, Plaintiff was and is a citizen and of the State of Illinois.

5.      Defendant is a Delaware corporation registered with the State of Illinois, and has a registered agent address of 208 South LaSalle Street, Suite 814, in Chicago, Illinois.

FACTUAL ALLEGATIONS

6.      That there exists in Illinois a certain statute, the Motor Vehicle Code, 625 ILCS 5/1-100, *et seq.*, which provides in pertinent part:

> (625 ILCS 5/3-205) (from Ch. 95 1/2, par. 3-205)
> Sec. 3-205. Release of security interest.
> (a) Within 21 days after receiving payment to satisfy a security interest in a vehicle for which the certificate of title is in the possession of the lienholder, he shall execute a release of his security interest, and mail or deliver the certificate and release to the next lienholder named therein, or, if none, to the owner or any person who delivers to the lienholder an authorization from the owner to receive the certificate. If the payment is in the form of cash, a cashier's check, or a certified check, the number of days is reduced to 10 business days. If the owner desires a

Page 2 of 8   16-L-_____

new certificate reflecting no lien, the certificate and release from the lienholder may be submitted to the Secretary of State, along with the prescribed application and required fee, for issuance of that new certificate.

(b) Within 21 days after receiving payment to satisfy a security interest in a vehicle for which the certificate of title is in the possession of a prior lienholder, the lienholder whose security interest is satisfied shall execute a release and deliver the release to the owner or any person who delivers to the lienholder an authorization from the owner to receive it. If the payment is in the form of cash, a cashier's check, or a certified check, the number of days is reduced to 10 business days. The lienholder in possession of the certificate of title may either deliver the certificate to the owner, or the person authorized by him, for delivery to the Secretary of State, or, upon receipt of the release, may mail or may deliver the certificate and release, along with prescribed application and require fee, to the Secretary of State, who shall issue a new certificate.

(c) In addition to any other penalty, a lienholder who fails to execute a release of his or her security interest or who fails to mail or deliver the certificate and release within the time limit provided in subsection (a) or (b) is liable to the person or entity that was supposed to receive the release or certificate for $150 plus reasonable attorney fees and court costs. An action under this Section may be brought in small claims court or in any other appropriate court.
(Source: P.A. 93-621, eff. 12-15-03.)

625 ILCS 5/3-205

7.    On or about March 6, 2009, Plaintiff purchased the vehicle at Roberts Motors Inc.

See attached Illinois Simple Interest Vehicle Retail Installment Contract ("Contract"),

incorporated herein as Plaintiff's Exhibit A, page 2.

8. Contemporaneously with the purchase, an authorized representative of Roberts Motors Inc. assigned the dealership's rights under the Contract to Defendant Ford Motor Credit Company, LLC[1]. See Exhibit A.

9. On August 24, 2009, Plaintiff filed a Chapter 13 bankruptcy, which provided for payment in full of the remaining balance of Plaintiff's debt to Defendant for the vehicle, with the exception of a small difference in interest rates between the Contract and the Chapter 13 Payment Plan. See attached Chapter 13 Payment Plan and Order of Confirmation, incorporated herein as Plaintiff's Exhibit B.

10. On November 13, 2014, Plaintiff received a discharge in his Chapter 13 bankruptcy, discharging the small difference in interest between the contract and the Chapter 13 Plan, and legally satisfying the lien on the vehicle. See attached Discharge Order, incorporated herein as Plaintiffs' Exhibit C.

11. That on April 27, 2015, Plaintiff was provided a release of security interest or a certificate of title, and more than 21 days have passed since the lien was satisfied. See attached Certificate of Title, incorporated herein as Plaintiffs' Exhibit D.

12. That as a direct and proximate result of the foregoing, Plaintiff has been damaged in the amount of $150.00 plus costs and fees in obtaining said title.

## CLASS ACTION ALLEGATIONS

13. This action is brought pursuant to 735 ILCS 5/2-801, and satisfies the prerequisites set forth therein.

A.   Class Definition

---

[1] The assignment from Roberts Motors, Inc. was actually to Ford Motor Credit Company. Upon information and belief, this corporate entity was merged with Ford Motor Credit Company, LLC, the entity which filed a Proof of Claim in Plaintiff's Chapter 13 bankruptcy, and which received all payments through that bankruptcy. Plaintiff has attached as Exhibit A Defendant's Proof of Claim form from his Chapter 13 bankruptcy, page 2 of which is the Contract, to clarify this point.

14.     Plaintiff brings this action individually and on behalf of the following

class (the "Class"):

> All Illinois citizens, who from five years preceding the
> filing of this case until final judgment, were not given a
> timely security interest release as required by 625 ILCS
> 5/3-205, within the time limits of 625 ILCS 5/3-205. To be
> clear, this definition does not include any Illinois citizens
> who were given a timely release of their security interest
> by Defendant Ford Motor Credit, or persons not yet
> entitled to a release of security interest.

Excluded from the Class are members of the judiciary, Defendant, and any entity in

which it has a controlling interest, including officers and directors and the members

of its immediate corporate family and Plaintiff's counsel.[2]

B.     Numerosity

15.     Given that the class members are more than fifty but less than thirty

thousand people, and are so numerous that joinder of them in a single action is

impracticable, the numerosity requirement is met.  735 ILCS 5/2-801(1).

C.     Common Questions of Law and Fact

16.     There are questions of law and fact that are common to all class

members, including inter alia:

> (a)     Whether Defendant fails to release security
> interests within the time limits set forth in 625 ILCS 5/3-
> 205;
>
> (b)     Whether more than fifty but less than thirty
> thousand of Defendant's customers were aggrieved by a
> violation of 625 ILCS 5/3-205.

---

[2]     Plaintiff reserves the right to amend the class definition based upon future investigation,
discovery and the proof at trial.

D.   Adequacy of Representation

17.   Plaintiff can and will fairly and adequately represent and protect the interests of the Class, 735 ILCS 5/2-801, for the reasons enumerated herein.

18.   The claims of Plaintiff are substantially similar, if not identical to, those of absent Class members.

19.   There are questions of law or fact that are common to the Class and that overwhelmingly predominate over any individual issues, such that by prevailing on his own claims, Plaintiff will necessarily establish Defendant's liability as to all Class members.

20.   Without the Class representation provided by Plaintiff, virtually no Class members will receive legal representation or redress for their injuries.

21.   Plaintiff and his counsel have the necessary financial resources to adequately and vigorously litigate this class action.

22.   Plaintiff and Class counsel are aware of their fiduciary responsibilities to Class members and are determined diligently to discharge those duties by vigorously seeking the maximum possible recovery for the Class.

E.   Appropriateness

23.   A class action is the appropriate method to resolve this matter compared to any other available method for the fair and efficient adjudication of this controversy, given that:

> (a)   Common questions of law and fact overwhelmingly predominate over any individual questions that may arise, such that there would be enormous economies to

the Court and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

(b)     The size of each class member's relatively small claim is too insignificant to make individual litigation an economically viable alternative, such that as a practical matter there is no "alternative" means of adjudication to a class action;

(c)     Few class members have any interest in individually controlling the prosecution of separate actions (any that do may opt out);

(d)     Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by class members;

(e)     Despite the relatively small size of individual class members' claims, their aggregate volume of at least fifty persons, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this class action to be litigated on a cost-effective basis, especially when compared with repetitive individual litigations; and

(f)     No unusual difficulties are likely to be encountered in the management of this class action insofar as Defendant Ford Motor Credit Company LLC's liability turns on substantial questions of law or fact that are common to the Class and that predominate over any individual questions.

WHEREFORE, for the foregoing reasons, Plaintiff Jeffrey P. Burcham individually and on behalf of all others similarly situated, requests that this court (1) certify the foregoing Plaintiff Class, (2) appoint Plaintiff as Class representative and Plaintiff's counsel as Class counsel, (3) award Plaintiff, and the foregoing Plaintiff Class, damages as allowed by law in an amount in excess of $50,000.00 as a class, (4) such other, further, and different relief as is appropriate under the

circumstances, and as allowed by law, against Defendant FORD MOTOR CREDIT

COMPANY, LLC.

DATED: 7-12-16

Respectfully submitted,
Jeffrey P. Burcham,
Class Plaintiff,

By: _Shari Murphy_

One of His Attorneys
Shari L. Murphy #6279670
The Law Offices of Shari L. Murphy, LLC
P.O. Box 136
Wood River, Illinois 62095-0136
Telephone: (618) 797-8888
Facsimile: (618) 576-6239

Attorneys for Plaintiff and Proposed
Class

## AFFIDAVIT OF CASE VALUE

The undersigned hereby certifies pursuant to the Illinois Code of Civil Procedure that this case
has a value in excess of Fifty Thousand ($50,000.00) Dollars.

_Shari Murphy_

FORM B10 (Official Form 10) (12/08)                                                                                    NBSC 5/18/09

| UNITED STATES BANKRUPTCY COURT | - SOUTHERN District of ILLINOIS (MT VERNON) | PROOF OF CLAIM |
|---|---|---|

Name of Debtor: Jeffrey P Burcham and/or Tammy J Burcham | Case Number: 09-32197   Ch13

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request of payment of an administrative expense may be filed pursuant to 11 U.S.C.§ 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Ford Motor Credit Company, LLC

Name and address where **notices** should be sent:
Ford Motor Credit Company, LLC
P.O. Box 537901
Livonia, MI 48153-9905

Telephone Number: 1-800-955-8532

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim #:
(If known)

Filed on:

Name and address where **payment** should be sent (if different from above):
Ford Motor Credit Company, LLC
Dept 55953
P.O. Box 55000
Detroit, MI 48255-0953

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**      **$14,456.12**

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**      Car Loan

**3. Last four digits of any number by which creditor identifies debtor:**    **5304**
    3a. Debtor may have scheduled account as:

**4. Secured Claim**

Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Property   ☑ Motor Vehicle   ☐ Other _____
Describe: VIN #: 3FAFP07Z66R198110

Value of Property: $14,456.12     Annual Interest Rate: 5.25%.

Amount of arrearage and other charges as of time case filed included in secured claim, if any: , Basis for perfection: *see attached

Amount of Secured Claim: $14,456.12     Amount Unsecured: $.00

**Creditor Remarks: 910 CLAIM - NO CRAMDOWN PER STATUTE**

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(__).

**Amount entitled to priority:**

$_____

* Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary.

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: August 31, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any: <br><br> /s/  V.Surya prabha | FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



EXHIBIT
A

**Ford Credit**
www.fordcredit.com

JEFFREY P BURCHAM
235 S PERCE ST
EAST ALTON IL 62024-1143 MADISON
TAMMY J BURCHAM
235 S PERCE ST
EAST ALTON IL 62024-1143 MADISON

ROBERTS MOTORS INC
4350 ALBY AT THE BELTLINE
ALTON, IL
62002

You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. The cash price is shown below as "Cash Price." The credit price is shown below as "Total Sale Price." By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract.

| New/Used | Year | Make | Year and Make | Model | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|---|---|
| USED | 84101 | 2006 FORD | | FUSION | 3FAFP07Z66R198110 | Personal / Commercial |

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price ........................... $9325.86 (1)
2. Down Payment
   Third Party Rebate Assigned to Creditor ... $ N/A
   Cash Down Payment ....................... $ N/A
   Deferred Down Payment ................... $ N/A
   Trade-In (Description Above) ............ $ N/A
   Total Down Payment ...................... $ N/A (2)
3. Unpaid Balance of Cash Price (1 minus 2) ... $9325.86 (3)
4. Amounts paid on your behalf (Seller may be retaining a portion of these amounts)
   To Public Officials
     (i) for license, title & registration fees $ 143.00
     (ii) for filing fees ..................... $ N/A
     (iii) for taxes (not in Cash Price) ...... $ N/A ... $ 143.00
   To Insurance Companies for:
     Credit Life Insurance .................. $ N/A
     Credit Disability Insurance ............ $ N/A
   To N/A .................................. $ N/A
   To ROBERTS MOTORS INC DOCUMENTATION SERVIC $ 161.66
   To FORD MOTOR CO ....................... $ 1695.00
   To PEACE CAR CO ........................ $ 400.00
   To N/A ................................. $ N/A
   Total .................................. $2384.66 (4)
5. Amount Financed (3 plus 4) ............... $5500.51 (5)

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid after you have made all scheduled payments | The total cost of your purchase on credit, including your down payment |
| 6.90 % | $2870.89 | $5500.51 | $8371.40 | $8371.40 |

Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 305.18 | MONTHLY 04/06/2009 |
| N/A | N/A | N/A |

## INSURANCE

YOU ARE REQUIRED TO INSURE THE VEHICLE. YOU MAY OBTAIN VEHICLE INSURANCE FROM A PERSON OF YOUR CHOICE.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.

CREDIT LIFE, CREDIT DISABILITY AND OTHER OPTIONAL INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM.

DOCUMENTARY FEE. A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE.

THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 2008, WAS $150. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $150 WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.

ACCORDING TO THE OFFICE OF THE ILLINOIS ATTORNEY GENERAL, CONSUMER FRAUD BUREAU, THE MAXIMUM ALLOWABLE DOCUMENT FEE FOR THE 2009 CALENDAR YEAR IS $161.65.

YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE SIDE OF THIS CONTRACT.

The Annual Percentage Rate may be negotiated with the Seller. The Seller may assign this contract and may retain its right to receive a portion of the Finance Charge.

## NOTICE TO BUYER

1. Do not sign this contract before you read it or if it contains any blank spaces.
2. You are entitled to an exact copy of the agreement that you sign.
3. Under the law you may have, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.

## RETAIL INSTALLMENT CONTRACT

Seller ROBERTS MOTORS INC

THIS CONTRACT IS NOT VALID UNTIL YOU AND SELLER SIGN IT.

## ASSIGNMENT

ROBERTS MOTORS INC.

PLY 1 - ORIGINAL   PLY 2 - BUYER'S COPY   PLY 3 - CO-BUYER/GUARANTOR COPY   PLY 4 - SELLER'S COPY (NON-TRANSFERABLE)

STATE OF ILLI

## CERTIFICATE OF TITLE OI

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 3FAFP07Z66R198110<br>3FAFP07Z66R198110 | 2006 | FORD | FUSION SE | 4 DOOR | X9099634024 |

| DATE ISSUED | ODOMETER | CCM | PURCHASED | PURCHASE DATE |
|---|---|---|---|---|
| 04/09/09 | 34101<br>34101 | | USED | 03/06/09 |

MOBILE HOME SQ. FT.

TYPE OF TITLE
**ORIGINAL**

MAILING ADDRESS

FORD MOTOR CREDIT COMPANY
PO BOX 105704
ATLANTA GA 30348-5704

LEGEND(S)

ACTUAL MILEAGE

OWNER(S) NAME AND ADDRESS
**JEFFREY P BURCHAM**
**TAMMY J BURCHAM**
**235 S PENCE ST**
**EAST ALTON IL 62024**
FIRST LIENHOLDER NAME AND ADDRESS
FORD MOTOR CREDIT COMPANY
PO BOX 105704
ATLANTA GA 30348-5704
SECOND LIENHOLDER NAME AND ADDRESS

### RELEASE OF LIEN
The Lienholder on the vehicle described in this Certificate does hereby state that the lien is released and discharged

| | | |
|---|---|---|
| Firm Name | By_____ Signature of Authorized Agent | Date_____ |
| Firm Name | By_____ Signature of Authorized Agent | Date_____ |

NEW LIEN ASSIGNMENT: The information below must be on an application for title and presented to the Secretary of State

Secured Party _____ Address _____

▶ Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment

### ASSIGNMENT OF TITLE
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
WARNING-ODOMETER DISCREPANCY.

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of $3 1/3% of its fair-market value unless this document is accompanied by a salvage application."

NO
TENTHS

ODOMETER READING
Signature(s) of Seller(s)_____

Printed Name(s) of Seller(s)_____  DATE OF SALE _____
I am aware of the above odometer certification made by seller.
Signature(s) of Buyer(s)_____  Printed Name _____

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named herein is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any. IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS, AT SPRINGFIELD.

CONTROL NO. **G8409895**

*Jesse White*
JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.

United States Bankruptcy Court
Southern District of Illinois

| In re: | ) | |
|---|---|---|
| Jeffrey P. Burcham and | ) | Case No. |
| Tammy J. Burcham | ) | X Original Chapter 13 Plan |
| | ) | Amended Plan Number _____ |
| Debtor(s) | ) | (Changes must be underlined) |

## CHAPTER 13 PLAN AND NOTICE OF TIME TO OBJECT

***GENERAL ORDER 07-5 and 08-3*** : The provisions of the Court=s General Order 07-5 and 08-3 are incorporated herein by reference and made part of this plan. The Order is available at www.ilsb.uscourts.gov.

***YOUR RIGHTS WILL BE AFFECTED:*** You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan set out below must file a timely written objection. This plan may be confirmed without further notice or hearing unless written objection is filed and served within 20 days after the conclusion of the ' 341 meeting of creditors. Objections to an amended plan must be filed and served within 20 days after the date of filing of the amended plan. **If you have a secured claim, this plan may void or modify your lien if you do not object to the plan.**

***THIS PLAN DOES NOT ALLOW CLAIMS***: Except for the payment of current on-going mortgage payments paid by the Trustee, creditors must file a timely proof of claim to receive distribution under a confirmed plan and to receive average monthly payments as set forth in the Debtor(s)= Plan.

### 1. *PAYMENTS*

The Debtor or Debtors (hereinafter ADebtor@) submit to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan. The payment schedule is as follows:

| Start Month # | End Month # | Monthly Payment | Total |
|---|---|---|---|
| 1 | 60 | $1300.00 | $78,000.00 |
| | | | |
| | | | |
| Total Months:  60 | | Grand Total Payments:  $78,000.00 | |

The payment shall be withheld from the debtor=s paycheck:   X  Yes        No

Employees name from whose check the payment is deducted: ___Jeffrey P. Burcham_____

Employers name, address, city, state, phone: <u>Dept. of Veteran's Affairs  1240 E. 9th St., Room 1907  Cleveland, OH</u>
<u>44199</u>

Debtor is paid:   Monthly      Twice monthly      Weekly    X Biweekly      Other

This plan cures any previous arrearage in payments to the Chapter 13 Trustee under any prior plan filed in this case.

**NOTE:  PLAN PAYMENTS TO THE TRUSTEE MUST COMMENCE WITHIN 30 DAYS OF THE FILING OF THE PETITION. THE DEBTOR MUST MAKE DIRECT PAYMENTS TO THE TRUSTEE BY MONEY ORDER OR CASHIER=S CHECK UNTIL THE EMPLOYER DEDUCTION BEGINS.**


EXHIBIT
B

## ORDER OF DISTRIBUTION

The following order of priority shall be utilized by the Trustee with respect to all payments received from the Debtor:

1. Any unpaid portion of the filing fee;
2. Notice fees equal to $.50 per page of the Plan, multiplied by the number of names listed on the Debtor=s mailing matrix;
3. The trustee's fees for each disbursement, the percentage of which is fixed by the U.S. Trustee;
4. Other allowed administrative expenses;
5. On-going mortgage payments as set forth in the Debtor=s Plan (or as later modified), attorney=s fees, and secured creditors, and executory contracts/leases (to be paid pro-rata based upon the average monthly payment amount);
6. Priority creditors as set forth in the Debtor=s Plan;
7. Any special class of Unsecured Creditors as set forth in the Debtor's Plan ; and
8. General Unsecured Creditors.

## ATTORNEY FEES

Attorney=s fees (select one):

[ X ] Debtor=s counsel elects the following fixed fee: [ X ] $ _3500.00_  $3,500.00 or less for a consumer case); or [   ] $_____ 4,000.00 or less for a business case), of which counsel has received $___0____ pre-petition. The average monthly payment amount to be received by Debtor=s counsel is $_ 500.00 _____ (not to exceed $500.00 per month).

[   ] Debtor=s counsel elects to be paid on an hourly basis and will file a fee application(s) for approval of fees. No fees shall be disbursed until a fee application is approved by the Court; however, the Trustee shall reserve a total of $3,500.00 for payment toward such application, pursuant to the Order of Distribution. Said funds shall be reserved at the average monthly amount of $300.00

## 2. *OTHER ALLOWED ADMINISTRATIVE EXPENSES*

Such Claims are as follows

Name: _____  Est. Amount of Claim: $_____

## 3. *PRIORITY CLAIMS*

*Such Claims are as Follows:*

### A) Domestic Support Obligations:
1)  __X___  None. If none, skip to Other Priority Claims.
2) Name of Debtor owing Domestic Support Obligation _____.
3) The name(s), address(es) of the holder of ANY domestic support obligation as defined in 11 U.S.C. ' 101 (14A) and estimated arrearage:

| Name | Address, City and State | Zip Code | Est. Arrearage |
|------|------------------------|----------|----------------|
| 1. | | | |
| 2. | | | |
| 3. | | | |

4) **The Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan.**

**B) Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. '507(a)(1)(B):**

1) __X__ None. If none, skip to Other Priority Claims.
2) Name of Creditor, total estimated arrearage claim, estimated amount to be paid through the Plan, and the state agency case number:

| Creditor | Total Est. Arrearage Claim | Est. Amount to be paid | State Agency Case # |
|----------|---------------------------|------------------------|---------------------|
| 1. | | | |
| 2. | | | |

**C) Other Priority Claims:**

| Creditor | Basis for Priority | Estimated Claim |
|----------|-------------------|-----------------|
| | | |
| | | |

**4. _REAL ESTATE - CURING DEFAULTS AND MAINTAINING PAYMENTS:_** Payments shall be made by the trustee if the plan addresses a pre-petition default. Otherwise, payments may be made directly by the Debtor to the creditor. Where there are arrearages, all post-petition payments are to begin on the first due date after the month in which the petition is filed. All fees and/or charges incurred by the creditor prior to the date of the entry of discharge, which are assessed against the debtor either before or after discharge, must be approved by the Court. All payments received from the trustee must be credited by the creditor as the Plan directs. See Amended General Order 07-5 and General Order 08-3.

**A) Payment of arrearages are as follows:**

| Creditor | Description of Collateral | Est. Arrearage | Int. Rate (If Any) | Avg. Monthly Pmt. |
|----------|--------------------------|----------------|--------------------|-------------------|
| | | | | |
| | | | | |

**B) Payment of on-going mortgage payments made by the Trustee are as follows:**

| Creditor | Account # | Payment Address | Monthly Mortgage Pmt. | Date 1st Pmt Due |
|----------|-----------|-----------------|----------------------|------------------|
| | | | | |
| | | | | |

**C) Payment of on-going mortgage payments made directly by the Debtor are as follows:**

| Creditor | Account # | Payment Address | Monthly Mortgage Pmt. | Date 1st Pmt. Due |
|----------|-----------|-----------------|----------------------|-------------------|
| Wells Fargo | ****7-708 | PO Box 14411 Des Moines, IA 50306-3411 | $409.85 | 9-1-09 |
| | | | | |

**D) Real Estate Property Tax Claims shall be paid as follows:**

X  By Debtor Directly
   Included in the mortgage payment
   Debtor is not required to pay real estate taxes

## 5. *SECURED CLAIMS AND VALUATION OF COLLATERAL UNDER 11 U.S.C. ' 506*

### A) Secured Claims to which '506 Valuation is NOT Applicable (A910 Claims@):

Claims listed in this subsection are debts secured by a purchase money security interest in a personal motor vehicle, incurred within 910 days preceding the date of the filing of the bankruptcy OR debts secured by a purchase money security interest in "any other thing of value,@ incurred within one year preceding the date of the filing of the bankruptcy. These claims will be paid in full with interest as provided below and in average monthly payments as specified below.

| Creditor | Collateral to be Retained | Est. Claim Amount | Interest Rate | Avg. Monthly Pmt. |
|---|---|---|---|---|
| Ford Motor Credit | 2006 Ford Fusion | $14442.50 | 5.25% | $274.20 |
| | | | | |

### B) Secured Claims to which '506 Valuation is Applicable (ACram Down Claims@):

Claims listed in this subsection are debts secured by personal property NOT described in the immediately preceding paragraph of this plan. These claims will be paid either the scheduled value of the secured property or the secured amount of that claim, whichever is less, with interest as provided below and in estimated monthly payments as specified below. Any portion of a claim that exceeds the scheduled value of the secured property will be treated as an unsecured claim without the necessity of an objection.

| Creditor | Collateral to be Retained | Scheduled debt | Value | Interest Rate | Avg. Monthly Pmt. |
|---|---|---|---|---|---|
| World Finance | Ladder, 2 TVs, VCR | $1030.00 | $100.00 | 5.25% | $1.90 |
| Santander | 2000 Ford Ranger | $2260.29 | $4971.00 | 5.25% | $42.91 |

### C) Surrender of Property:

The Debtor surrenders any and all right, title and interest in the following collateral. If applicable, any unsecured deficiency claim must be filed within 160 days of the Petition date.

| Creditor | Collateral to be surrendered | Location | Est Monies Previously Paid by Trustee |
|---|---|---|---|
| Personal Finance | 1997 Dodge Caravan | Debtor's residence | 0 |
| | | | |

## 6. *SEPARATELY CLASSIFIED CLAIMS*

| Creditor | Secured/Unsec. | Amount | Int. Rate (If Any) | Avg. Monthly Pmt. | Paid By Trustee/Other |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

## 7. *EXECUTORY CONTRACTS AND UNEXPIRED LEASES* All executory contracts and unexpired leases are REJECTED, except the following which are assumed:

### A) Payment of executory contracts and unexpired leases made by the Debtor are as follows:

| Creditor | Account # | Payment Address | Monthly Pmt. | Date 1st Pmt. Due |
|---|---|---|---|---|
| | | | | |
| | | | | |

**B) Payment of executory contracts and unexpired leases made by the trustee are as follows:**

| Creditor | Account # | Payment Address | Monthly Pmt. | Date 1st Pmt. Due |
|---|---|---|---|---|
|  |  |  |  |  |

**C) Payment of arrearages by the Trustee are as follows:**

| Creditor | Description of Collateral | Est. Arrearage | Int. Rate (If Any) | Avg. Monthly Pmt. |
|---|---|---|---|---|
|  |  |  |  |  |

8.  *UNSECURED CLAIMS*: The amount necessary to pay all classes of unsecured creditors pursuant to 11U.S.C. ' ' 1325(a)(4) and 1325(b) is $46,977.60 . The amount estimated to be paid to non-priority unsecured creditors is $46,977.60 . All non-priority unsecured creditors may share in any pool of money left after all administrative, priority, and secured claims have been paid. Non-priority unsecured creditors to be paid pro-rata. *If the Plan proposes to pay all classes of unsecured creditors 100% of their allowed claims, leave the above spaces blank and check here ___.*

9.  *POST PETITION CLAIMS*: Post-petition claims shall not be paid by the Trustee unless the Debtor amends the plan to specifically address such claims. Absent such an amendment, the trustee shall not disburse any monies on said claims and these debts will not be discharged.

10.  *LIEN RETENTION*: With respect to each allowed secured claim to be paid in full through the plan, the holder of such claim shall retain the lien securing its claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) entry of the discharge order under 11 U.S.C. ' 1328.

11.  *PROOF OF LIEN PERFECTION*: Any creditor(s) asserting a secured claim must provide the chapter 13 Trustee, the Debtor, and Debtor=s counsel with proof of lien perfection at the time its claim is filed and may attach such documentation to its Proof of Claim. See General Order 08-4.

12.  *VESTING OF PROPERTY OF THE ESTATE*: Property of the estate shall revest in Debtor upon confirmation of the Debtor=s plan, subject to the rights, if any, of the Trustee to assert a claim to additional property of the estate acquired by Debtor post-petition pursuant to 11 U.S.C. ' 1306.

13.  *PAYMENT NOTICES*: Creditors in Section 3 (whose rights are not being modified) and in Section 6 (whose executory contracts/unexpired leases are being assumed) may continue to mail customary notices or coupons to the Debtor or Trustee notwithstanding the automatic stay.

14.  *OBJECTIONS TO CLAIMS*: Any objection to a timely filed unsecured claim shall be filed within forty-five (45) days following the expiration of the claims bar date for that claim. Objections to secured and/or amended claims shall be filed within forty-five (45) days from the claims bar date, or within forty-five (45) days from the date of filing of the claim, whichever is later.

15.  *STAY RELIEF*: Notwithstanding any provision contained herein to the contrary, distribution to a secured creditor(s) who obtains relief from the automatic stay will terminate immediately upon entry of an Order lifting or terminating the stay, except to the extent that an unsecured deficiency claim is subsequently filed and allowed. Absent an Order of the Court, relief from the automatic stay shall also result in the Trustee ceasing distribution to all junior lien holders.

16.  *DEBTOR REFUNDS*: Upon written request of the Debtor, the Trustee is authorized to refund to the Debtor, without Court approval, any **erroneous** overpayment of **regular** monthly payments received during the term of the Plan that have not been previously disbursed.

17.  *PLAN NOT ALTERED FROM OFFICIAL FORM*: By filing this Plan, the Debtor and Debtor=s counsel represent that the Plan is the official form authorized by the Court. Changes, additions or deletions to this Plan are permitted **only**

with Leave of Court.

### 18. *REASON(S) FOR AMENDMENT(S)*:

Debtor(s)' Declaration Pursuant to 28 U.S.C. ' 1746.

I declare under penalty of perjury that the foregoing statements of value contained in this document are true and correct to the best of my knowledge and belief.

| | |
|---|---|
| _____8-22-2009_____ | _____/s/ Shari L. Murphy_____ |
| Dated | Signature of Counsel for Debtor(s) |
| | |
| /s/ Jeffrey Paul Burcham_____ | _/s/ Tammy Jo Burcham_____ |
| Signature of Debtor | Signature of Joint Debtor (if applicable) |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:

Jeffrey Paul Burcham and Tammy Jo Burcham

     Debtor(s)

In Proceedings
Under Chapter 13

BK 09−32197

SSN/Individual Taxpayer ID Number (ITIN):

xxx−xx−7330   xxx−xx−9362

# ORDER CONFIRMING CHAPTER 13 PLAN

The Court finds that the plan (and if applicable as amended or modified) meets the requirements of 11 U.S.C. § 1325.

**IT IS ORDERED THAT:**

The debtor's Chapter 13 plan is confirmed.

By June 15 of each year of the Debtor's Plan, debtor(s) shall provide the Trustee with a true and complete copy of their state and federal income tax return(s) for the preceding year. Additionally, by June 15 of each year, the debtor(s) shall turn over to the Trustee that portion of their income tax refund(s) (received after the filing of the case) that exceeds (i) any amount(s) credited for Earned Income Credit and/or Child Tax Credit plus (ii) Seven Hundred Fifty Dollars ($750.00) per debtor. These additional proceeds shall increase the minimum required distribution to the debtor(s)' allowed general unsecured creditors and the Trustee is authorized to increase the base amount of the debtor(s)' Plan accordingly. Failure of the debtor(s) to comply with this provision, upon thirty (30) day's written notice of such default by the Trustee, will result in the dismissal of the case without further notice or hearing upon the Trustee's certification of said default. Notwithstanding the foregoing, nothing contained herein shall prohibit the debtor(s) from filing a Motion with the Court, seeking authorization to retain all or any portion of such future tax refunds upon a showing of substantial need.

The attorney for the debtor(s) shall be paid attorney's fees as specified in the plan, and according to the Court's Instructions for Chapter 13 Plans.

Confirmation of this plan does not remove the attorney for the debtor as attorney of record in this case. The attorney for the debtor shall remain counsel of record until the earliest of either the closing of the case or the entry of an order allowing the attorney for the debtor to withdraw as counsel.

No payment in an amount less than $15.00 shall be distributed by the Trustee to any creditor. Funds not distributed because of Bankruptcy Rule 3010(b) shall be paid whenever the accumulation aggregates $15.00. Any funds remaining shall be distributed with the final payment.

In the event that the number of creditors filing Proofs of Claim is less than the number of creditors in the debtor's bankruptcy petition, the Trustee is directed to distribute all of the proceeds of the debtor's plan to those creditors whose claims have been allowed, but not to exceed 100 percent of the amount of any claim.

ENTERED: November 6, 2009

    /s/ Kenneth J. Meyers
    UNITED STATES BANKRUPTCY JUDGE

# United States Bankruptcy Court

## Southern District of Illinois

### Case No. 09-32197-lkg

In re:

Jeffrey Paul Burcham
aka Jeff Paul Burcham
fdba Tabitha Enterprises
235 South Pence St.
East Alton, IL 62024

Tammy Jo Burcham

235 South Pence St.
East Alton, IL 62024

SSN/Individual Taxpayer ID Number (ITIN):
xxx-xx-7330

xxx-xx-9362

Employer Tax ID Number (ETIN):

## DISCHARGE OF DEBTOR AFTER COMPLETION OF CHAPTER 13 PLAN

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED**:

The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

Upon the filing of the Trustee's Final Report and Account, the Trustee will be discharged and the case closed without further notice.

BY THE COURT

Dated: 11/13/14

/s/ Laura K. Grandy
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**


EXHIBIT
C

### EXPLANATION OF BANKRUPTCY DISCHARGE
### IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

#### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

#### Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

#### Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans (in a case filed on or after October 17, 2005);

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willfull injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due; and

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained.

h. Debts for most taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

0842906017 FORD - SE

# STATE OF TITLE

## CERTIFICATE OF TITLE OI

48063000000000000 4470 5504

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 3FAFP07Z66R198110 | 2006 | FORD | FUSION SE | 4 DOOR | X9099634024 |

| DATE ISSUED | ODOMETER | CCM | PURCHASED | PURCHASE DATE |
|---|---|---|---|---|
| 04/09/09 | 34101 | | USED | 03/06/09 |

MOBILE HOME SQ. FT.

TYPE OF TITLE
ORIGINAL

MAILING ADDRESS

FORD MOTOR CREDIT COMPANY
PO BOX 105704
ATLANTA GA 30348-5704

LEGEND(S)

OWNER(S) NAME AND ADDRESS

ACTUAL MILEAGE

JEFFREY P BURCHAM
TAMMY J BURCHAM
235 S PENCE ST
EAST ALTON IL 62024
FIRST LIENHOLDER NAME AND ADDRESS
FORD MOTOR CREDIT COMPANY
PO BOX 105704
ATLANTA GA 30348-5704
SECOND LIENHOLDER NAME AND ADDRESS

The Lienholder on the vehicle described in this Certificate acknowledges that the lien is released and discharged

RELEASE OF LIEN

FORD MOTOR CREDIT CO.    By    4/27/15

First Name    Signature of Authorized Agent    Date

Signature of Authorized Agent

NEW LIEN ASSIGNMENT: The information below must be set on an application for title and presented to the Secretary of State.

Secured Party:    Address:

Federal and State law require that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

## ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
    WARNING-ODOMETER DISCREPANCY.

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair-market value unless this document is accompanied by a salvage application."

NO TENTHS

Odometer (No tenths)

Signature(s) of Seller(s)    DATE OF SALE

Printed Name(s) of Seller(s)
I am aware of the above odometer certification made by seller.

Signature(s) of Buyer(s)    Printed Name

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any. IN   WITNESS   WHEREOF,   I   HAVE   AFFIXED   MY   SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS, AT SPRINGFIELD.

CONTROL NO. G8409895

Jesse White

JESSE WHITE, Secretary of State

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.**

---

MUST BE COMPLETED BY SELLER

DO NOT DETACH UNTIL SOLD
NOTICE OF SALE

SEE INSTRUCTIONS ON REVERSE

| FORD | 2006 | 3FAFP07Z66R198110 | |
|---|---|---|---|
| Vehicle Make | Vehicle Year | Vehicle Identification Number (VIN) | Date |

Name of Seller (Current Registered Owner)    Name of Buyer

Complete Address of Seller    Complete Address of Buyer

City    State    ZIP    City    State    ZIP

Under penalties of perjury, I hereby certify that the foregoing is true and correct under the laws of the United States.

Seller's Signature    Printed Name of Seller    Date

EXHIBIT
Q

PENGAD 800-631-6989