IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY P. BURCHAM, | ) |
| Plaintiff, | ) CIVIL ACTION NO.<br>) 3:16-cv-00943-MJR-SCW |
| v. | ) |
| FORD MOTOR CREDIT<br>COMPANY LLC, | ) [Removed from the Circuit<br>) Court for the 20th Judicial Circuit,<br>) St. Clair County, Illinois, Civil<br>) Action No. 2016-L-362] |
| Defendant. | ) |

**DEFENDANT FORD MOTOR CREDIT COMPANY LLC'S
MOTION TO COMPEL ARBITRATION
AND FOR STAY PENDING ARBITRATION
<u>AND MEMORANDUM IN SUPPORT</u>**

This purported class action arises from Plaintiff Jeffrey Burcham's purchase of a vehicle from an Illinois car dealership. In the retail installment contract for the purchase of the vehicle, Mr. Burcham agreed to have decided by arbitration "any claim, dispute, or controversy . . . related to this contract." The dealership assigned its rights under the retail installment contract to Defendant Ford Motor Credit Company LLC ("Ford Credit").

In July 2016, Mr. Burcham filed a complaint against Ford Credit, asserting claims for alleged violations of Illinois law in connection with Ford Credit's release of a security interest in the vehicle. Because the claims raised in Mr. Burcham's complaint fall squarely within the scope of the arbitration provision,

Mr. Burcham should be compelled to arbitrate his claims, and this action should be stayed pending arbitration.

## I.     FACTUAL BACKGROUND

On March 6, 2009, Mr. Burcham executed a retail installment contract for the purchase of a used 2006 Ford Fusion from Roberts Motors Inc. of Alton, Illinois. (Compl. ¶ 7 & Ex. A [ECF No. 1-2, at 18, 25]; *see also* Declaration of Todd Kolchinsky, attached hereto as Exhibit 1, at Ex. A (including both sides of Mr. Burcham's contract).) The contract contains an arbitration provision, which provides in relevant part:

> Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Creditor ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Such Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this clause, or arbitrability of any issue; 3) Claims between you and us, your/our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

(*Id.*; the complete arbitration provision is reproduced in Exhibit "2" hereto.) The arbitration provision is set forth in a separate box within the retail installment contract, under the heading:

2

<u>**READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY**</u>
<u>**ARBITRATION**</u>

(*Id.*)

Roberts Motors Inc. assigned its rights under the retail installment contract to Ford Credit. (Compl. ¶ 8 [ECF No. 1-2, at 19].) On July 13, 2016, despite having agreed to arbitrate all claims related to his purchase of the Ford Fusion, Mr. Burcham filed this putative class action against Ford Credit challenging Ford Credit's failure to release its security interest in the vehicle. His complaint includes a claim for violation of the Illinois Motor Vehicle Code.

## II. <u>ARGUMENT</u>

The Federal Arbitration Act requires a court to stay any proceeding brought "upon any issue referable to arbitration under an agreement in writing for such arbitration." *E.g.*, *Kroog v. Mait*, 712 F.2d 1148, 1149 (7th Cir. 1983) (quoting 9 U.S.C. § 3).

In deciding whether a party agreed to arbitrate a particular dispute, a court applies state-law principles of contract formation "with a healthy regard for the federal policy favoring arbitration." *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 730–31 (7th Cir. 2005) (citation omitted); s*ee also James v. McDonald's Corp.*, 417 F.3d 672, 676–77 (7th Cir. 2005) ("The FAA embodies a 'liberal federal policy favoring arbitration agreements.'") (citation omitted).

In order "[t]o compel arbitration, a party need only show: (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). Each requirement is met here.

(1) There is a written arbitration agreement included as part of the retail installment contract entered into by Mr. Burcham. (Kolchinsky Decl., Ex. A.)

(2) Mr. Burcham's claims for alleged violations of the Illinois Motor Vehicle Code fall within the scope of that written arbitration agreement. The arbitration agreement covers "any claim, dispute, or controversy . . . related to" Mr. Burcham's contract to purchase the Ford Fusion and any "[c]laims *arising out of or relating to* [Mr. Burcham's] application for credit, this contract, or *any resulting transaction or relationship*, including that with the dealer, or any such relationship with third parties who do not sign this contract." (*Id.*) (emphasis added). Mr. Burcham's claim relates to Ford Credit's security interest in the vehicle, which was created by the assignment of the installment contract to Ford Credit and, therefore, arose out of transactions or relationships resulting from the retail installment agreement. *See Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909–10 (7th Cir. 1999) (characterizing arbitration provision governing all controversies "arising out or relating to" the agreements between the parties as

"extremely broad and capable of an expansive reach," such that they "necessarily create a presumption of arbitrability"); *see also Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l*, 1 F.3d 639, 642 (7th Cir. 1993) (holding "that 'arising *out of*' [the agreement] reaches all disputes having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se"); *Johnson v. Orkin, LLC*, 928 F. Supp. 2d 989, 1002 (N.D. Ill. 2013) ("In resolving a motion to compel arbitration, the court should vigilantly bear in mind the Supreme Court's instruction that as a matter of federal law, any doubts concerning the scope of arbitrable issues *should be resolved in favor of arbitration*.") (citation and internal quotation marks omitted), *aff'd*, 556 F. App'x 543 (7th Cir. 2014).

(3) Finally, Mr. Burcham has refused to arbitrate his dispute with Ford Credit, as shown by his having filed the complaint against Ford Credit in this action and in a prior action that he voluntarily dismissed. (Plaintiff's Notice of Voluntary Dismissal, *Burcham v. Ford Motor Credit Company LLC*, No. 3:15-cv-00509-DRH-DGW (S.D. Ill. July 14, 2015) (ECF No. 22).)

### III.    CONCLUSION

The claims asserted in Mr. Burcham's complaint against Ford Credit fall squarely within his written agreement to arbitrate. Accordingly, and for the

reasons discussed above, Ford Credit's motion to compel arbitration should be granted and this action should be stayed pending arbitration.

| | |
|---|---|
| *s/ Patrick D. Cloud (with consent)* | *s/ Thomas M. Byrne* |
| Patrick D. Cloud (ARDC #6282672) | Thomas M. Byrne (*pro hac vice*) |
| HEYL, ROYSTER, VOELKER & ALLEN, PC | Valerie S. Sanders (*pro hac vice*) |
| 105 West Vandalia Street, Suite 100 | SUTHERLAND ASBILL & BRENNAN LLP |
| Edwardsville, Illinois 62025 | 999 Peachtree Street, NE, Suite 2300 |
| Tel.   618.656.4646 | Atlanta, Georgia 30309-3996 |
| Fax   618.656.7940 | Tel.   404.853.8000 |
| *pcloud@heylroyster.com* | Fax   404.853.8806 |
| | *tom.byrne@sutherland.com* |
| | *valerie.sanders@sutherland.com* |

Attorneys for Defendant Ford Motor Credit Company LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of August, 2016, I electronically filed the foregoing **Defendant Ford Motor Credit Company LLC's Motion to Compel Arbitration and for Stay Pending Arbitration and Memorandum in Support** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

>Shari L. Murphy
>The Law Offices of Shari L. Murphy, LLC
>P.O. Box 136
>Wood River, Illinois  62095-0136
>*smurphy@sharimurphylaw.com*

>*s/ Thomas M. Byrne*
>Thomas M. Byrne