IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY P. BURCHAM,

    **Plaintiff**

vs.                                                  Case No. 16-cv-943-DRH-SCW

FORD MOTOR CREDIT COMPANY LLC,

    **Defendant.**

## ORDER

**HERNDON, District Judge.**

### INTRODUCTION

    The defendant, Ford Motor Credit Company LLC ("Ford Credit"), removed this case to federal court under the Class Action Fairness Act of 2005 ("CAFA"). Presently before the Court is plaintiff Jeffrey P. Burcham's ("Burcham") motion for remand to state court (Doc. 16). Ford Credit has responded in opposition (Doc. 22). Based on the record and the following, the motion is **DENIED**.

### BACKGROUND

    This is the second iteration of a putative class action brought by Burcham against Ford Credit. Burcham voluntarily dismissed the previous action (3:15-cv-00509-DRH) after Ford Credit filed its response opposing his motion to remand to state court. In the instant action, Burcham asserts the same claims and seeks

1

certification of the same class as in the previously filed action. Specifically, Burcham asserts that ["Ford Credit] fail[s] to release security interests on vehicles within the time limits of 625 ILCS 5/3-205." (Doc. 1-2 ¶ 1). Burcham seeks certification of the following class:

> All citizens, who from five years preceding the filing of this case until final judgment, were not given a timely security interest release as required by 625 ILCS 5/3-205, within the time limits of 625 ILCS 5/3-205.

(Doc. 1-2 ¶ 14). Burcham demands $150 per class member, plus actual damages and attorneys' fees (Doc. 1-2 ¶ 12, "Wherefore" clause). Burcham also contends the putative class includes "less than thirty thousand people." (Doc. 1-2 ¶ 15).

The only jurisdictional matter in dispute is whether the amount in controversy is met. Ford Credit characterizes Burcham's cap on class membership as "arbitrary" (Doc. 1 ¶ 18). Burcham contends his cap of 30,000 should be used to establish the amount in controversy because it is a good faith estimate premised on counsel's independent research. Specifically, Burcham's counsel indicates he conducted a search of the small claims dockets in 11 of Illinois's 102 counties. Counsel further states that his research revealed from 1991 to present day (in the 11 counties searched) Ford Credit was named as a small claims defendant in 10 cases.

Ford credit has presented evidence, based on its business records, showing that more than 160,000 accounts meet the following criteria:

> The customer was an Illinois resident at the time of contracting for the purchase of a vehicle; the contract was entered into in Illinois; and the customer's most recent address is in Illinois, so the vehicle would be titled in Illinois; and

> The account was paid off on or after July 13, 2011, *i.e.*, within five years before the complaint was filed.

(Doc. 1 ¶ 15, Doc. 22-1). Based on the above and Burcham's demand of $150 per class member, Ford Credit asserts the amount in controversy is approximately $24,000,000.

**APPLICABLE AUTHORITY**

Under CAFA, federal courts have jurisdiction in diversity over class actions and putative class actions involving one hundred or more class members in which any member of the plaintiff class is a citizen of a state different from that of any defendant, and in which, after aggregating all claims of class members, an amount in excess of $5 million, exclusive of interest and costs, is in controversy. *See* 28 U.S.C. § 1332(d)(1)(B), (d)(2)(A), (d)(5)(B), (d)(6), (d)(8); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676-77 (7th Cir. 2006); *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 758 (7th Cir. 2006).

The removing party bears the burden of describing how the controversy exceeds the minimum amount required. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The notice of removal need only contain a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens* 135 S.Ct. 547, 553-

554 (2014). However, if the plaintiff contests the defendant's allegation, the proponent must prove those jurisdictional facts by a preponderance of the evidence. *See Id; Bloomberg v. Service Corp. Intern.,* 639 F.3d 761, 763 (7th Cir. 2011).

In this regard, "the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands ... [t]he demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Brill*, 427 F.3d at 449 (emphasis in original). All that is required is a good-faith estimate. *Bloomberg v. Service Corp. Intern.,* 639 F.3d 761, 763 (7th Cir. 2011). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id*.

Once the removing party meets the above requirements, the court has jurisdiction unless the plaintiff can demonstrate those damages are legally impossible. *Johnson v. Pushpin Holdings, LLC,* 748 F.3d 769, 772 (7th Cir. 2014); *ABM Sec. Servs. v. Davis*, 646 F.3d 475, 478–79 (7th Cir. 2011); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million ... then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

4

A plaintiff does not automatically defeat a court's jurisdiction under CAFA by alleging the amount in controversy is below the jurisdictional requirement. *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 772 (7th Cir. 2014). When assessing the amount in controversy, Courts must consider both punitive damages and the cost of prospective relief. *See Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274-75 (7th Cir. 2011).

## DISCUSSION

The Court finds Ford Credit has met its burden of providing an estimate supported by the preponderance of the evidence that the stakes in the instant case exceed $5 million. Ford Credit contends the amount in controversy is at least $24,000,000 – far above the jurisdictional minimum.  This estimate is premised on a search of Ford Credit's loan origination system and receivables system for accounts that fall within the putative class definition (Doc. 22-1). That search reveals there are 165,527 accounts that meet the relevant criteria. Multiplying the $150 sought pursuant to 625 ILCS 5/3-205(c) by 160,000 accounts demonstrates the complaint's allegations place at least $24,000,000 in controversy. Burcham has not demonstrated that it is legally impossible for the putative class to recover this amount. Accordingly, this action belongs in federal court.[1] *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million ... then the

---

[1] Plaintiff's search of small claims records in a handful of Illinois counties does not establish that Ford Credit's good faith estimate is legally impossible.

5

case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

As such, the Court **DENIES** the motion to remand to state court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Doc. 16) is **DENIED.** The stay with regard to briefing on the pending motion to compel arbitration (Doc. 9) is lifted. In accord with the Court's September 24, 2016 Minute Order, the plaintiff has 14 days from the docketing of this Order to file a response to the motion to compel arbitration.

**IT IS SO ORDERED.**

Dated this 29th day of November, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.11.29 15:52:40 -06'00'

**United States District Court**

6