IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jeffrey P. Burcham, individually and on behalf of all other similarly situated, | ) ) ) | 3:16-cv-00943-DRH-SCW |
| Plaintiff, | ) ) | |
| | ) ) ) ) | (Removed from the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois, Cause #2016-L-362) |
| Ford Motor Credit Company, LLC, | ) ) | |
| Defendant, | ) | |

**MOTION TO STAY BRIEFING ON ARBITRATION PENDING APPEAL OF THE ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

COMES NOW, Jeffrey P. Burcham, individually and on behalf of all others similarly situated, by and through his undersigned attorney, and hereby requests this Court enter an Order Staying Briefing on the issue of Arbitration, to wit:

1. Defendant Ford Motor Credit Company, LLC, ("Ford") filed its timely Notice of Removal on August 24, 2016, attempting to remove this cause of action from St. Clair County, Illinois.

2. Defendant Ford filed its Motion to Compel Arbitration and for Stay Pending Arbitration and Memorandum in Support on August 25, 2016.

3. Plaintiff's Response to Defendant's Motion to Compel Arbitration and for Stay Pending Arbitration and Memorandum in Support is due on December 13, 2016.

4. On November 29, 2016, this Court entered an Order denying the Plaintiff's Motion to Remand.

5. On December 9, 2016, Plaintiff filed a Petition for Leave to File an Appeal of the Order denying Plaintiff's Motion to Remand, pursuant to 28 U.S.C. § 1453(c) and Fed. R. App. P. 5.

6. Plaintiff respectfully requests that this Court Stay Briefing on Defendant's Motion to Compel Arbitration until the pending appeal of the denial of remand is decided, as a ruling favorable to Plaintiff will make any rulings on arbitration moot.

7. In the alternative, Plaintiff would request that this Court grant the Plaintiff 30 days to conduct discovery on the issue of arbitration, as it is Plaintiff's belief that neither of the two arbitration forums in the Arbitration provision at issue will conduct arbitration on the Plaintiff's claim.

8. That the National Arbitration Forum ("NAF") refuses to conduct consumer arbitration due to a settlement with the Minnesota Attorney General, because of certain inherent fairness problems with consumer arbitration and the NAF. See Exhibit A, Consent Judgment in State of Minnesota v. National Arbitration Forum, Inc., *et.al.*, attached hereto and incorporated by reference.

9. That the American Arbitration Association ("AAA") will also not conduct an arbitration of Plaintiff's claim, as the Arbitration provision at issue violates the due process protocol of the AAA, and therefore the AAA will not administer it. See Exhibit B, Consumer Due Process Protocol Statement of Principles, Principle 5, attached hereto and incorporated by reference. "Consumer ADR Agreements should make it clear that all parties retain the right to seek relief in a small claims court for disputes or claims within the scope of its jurisdiction."

10. Additionally, AAA's Consumer Arbitration Fact Sheet, attached hereto and incorporated by reference as Exhibit C, p. 1, further states:

> The AAA administers consumer arbitrations pursuant to the due process standards contained in the AAA's Consumer Due Process Protocol and the AAA's Consumer Arbitration Rules. The AAA will accept a case for administration only after the AAA reviews the parties' arbitration agreement and if the AAA determines that the agreement substantially and materially complies with the due process standards of the Rules and the Consumer Due Process Protocol. If the AAA declines to administer a consumer arbitration, either party may submit the dispute to an appropriate court for resolution.

11. Finally, there is nothing in the record to suggest the Defendant Ford has contacted either of the named arbitration forums, requested an arbitration proceeding with either, or paid an arbitration fee to either as required by the Arbitration provision at issue, the most likely reason for this lack of evidence in the record being that Defendant Ford either knows that neither forum will accept the claim, or has already had the request denied.

WHEREFORE, for the foregoing reasons, Plaintiff Jeffrey P. Burcham, individually and on behalf of all others similarly situated, requests that this Court enter an Order Staying Briefing on the issue of Arbitration until the Appellate Court rules on Plaintiff's Petition for Leave to File Appeal of the Order denying Motion to Remand, or in the alternative, grant Plaintiff 30 days to conduct discovery on the issue of whether the two named arbitration forums would accept the claim for administration, or alternatively, should the Court see fit based on argument in this Motion, deny the Defendant's Motion to Compel Arbitration, and for any such other, further, and different relief as is appropriate under the circumstances, and as allowed by law.

Respectfully Submitted,

By: /s/ Shari L. Murphy
One of His Attorneys
Shari L. Murphy #6279670
The Law Offices of Shari L. Murphy, LLC
P.O. Box 136
Wood River, Illinois 62095-0136

Telephone: (618) 797-8888
Facsimile: (618) 576-6239

Attorneys for Plaintiff and Proposed Class

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jeffrey P. Burcham, individually and on behalf of all other similarly situated, | ) ) ) | 3:16-cv-00943-DRH-SCW |
| Plaintiff, | ) ) ) ) ) ) | (Removed from the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois, Cause #2016-L-362) |
| Ford Motor Credit Company, LLC, | ) ) | |
| Defendant, | ) | |

NOTICE OF ELECTRONIC FILING AND CERTIFICATE OF SERVICE BY MAIL

On December 13, 2016, the undersigned electronically filed with the Clerk of the U.S. District Court the Motion To Stay Briefing on Arbitration.

The Plaintiff served electronically the Motion To Stay Briefing on Arbitration to all attorneys of record, and the following parties by mail:

NONE

by depositing a true copy of same, enclosed in a postage paid properly addressed envelope, in a Wood River City branch, official depository under the exclusive care and custody of the United States Postal Service, within the State of Illinois.

/s/ Shari L. Murphy