## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JEFFREY P. BURCHAM,**

                           **Plaintiff,**

**vs.**                                                    **Case No. 3:16-CV-00943-DRH-SCW**

**FORD MOTOR CREDIT COMPANY
LLC,**

                           **Defendant.**

## ORDER

**HERNDON, District Judge**:

        This matter comes before the Court on plaintiff Jeffrey P. Burcham's motion to stay briefing on arbitration pending appeal of the order denying his motion to remand (Doc. 25). Defendant, Ford Motor Credit Company LLC opposes the motion on the ground that the plaintiff has neither attempted nor demonstrated requisite circumstances warranting a stay of briefing (Doc. 26). For the following reasons, the Court **DENIES** the plaintiff's motion.

### I. Background

        On October 7, 2016, the plaintiff—individually and on behalf of all others similarly situated—moved to remand a putative class action suit against the defendant to St. Clair County, Illinois (Doc. 16). This Court subsequently denied the motion to remand (Doc. 23), and on December 9, the plaintiff filed a petition for permission to appeal the order denying the motion to remand, which is still

pending Seventh Circuit review (Doc. 24).  In this Court, the plaintiff now moves to stay briefing on an arbitration issue until the Seventh Circuit rules on the petition for permission to appeal the denial of remand, or in the alternative, requests the grant of 30 days to conduct discovery regarding circumstances surrounding the likelihood of arbitration (Doc. 25).

In opposition, the defendant argues that under *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006), the plaintiff has not attempted to present any established factors governing the grant of a stay pending appeal (Doc. 26).

## II. <u>Discussion</u>

In plaintiff's motion to stay briefing, it is stated that the National Arbitration Forum ("NAF") and the American Arbitration Association ("AAA") have declined to entertain the defendant's arbitration claim due to "certain inherent fairness problems with consumer arbitration and the NAF"; and, the violation of "the due process protocol of the AAA."  Additionally, the plaintiff points to a Consumer Arbitration Fact Sheet that stipulates conditions under which the AAA will administer consumer arbitrations, and further argues that no facts support the suggestion that the defendant has contacted either the NAF or AAA in order to request arbitration or pay the required arbitration fee.

However, the plaintiff's assertions, whether true or not, are irrelevant as to satisfying the burden of a party seeking a stay pending appeal.  In order to obtain a stay of briefing under the present context, there must be a demonstration of the

following: (1) the significant probability of success on the merits, (2) irreparable harm absent a stay, and (3) a showing that grant of a stay will not injure the opposing party and will also be in public interest.  *Hinrichs*, F.3d at 396 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  The plaintiff's motion is devoid of the applicable factors under the law that the Court would utilize in determining whether a stay pending appeal is warranted.

### III. <u>Conclusion</u>

Accordingly, the Court **DENIES** plaintiff's motion to stay briefing on arbitration pending appeal of the denial of the motion to remand.  In regard to requested alternative relief, the plaintiff is advised to revisit the matter with the magistrate at the forthcoming scheduling conference.

**IT IS SO ORDERED.**

Signed this 30th day of December, 2016

Judge Herndon
2016.12.30
10:40:14 -06'00'

**United States District Judge**