IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jeffrey P. Burcham, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br><br><br> Ford Motor Credit Company, LLC, <br><br> Defendant, | 3:16-cv-00943-DRH-SCW <br><br> (Removed from the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois, Cause #2016-L-362) |

## **RESPONSE IN OPPOSITION TO MOTION TO COMPEL ARBITRATION**

COMES NOW, Jeffrey P. Burcham, individually and on behalf of all others similarly situated, by and through his undersigned attorney, and for his Response in Opposition to Defendant's Motion to Compel Arbitration, states as follows:

### **FACTS**

On March 6, 2009, Plaintiff purchased a 2006 Ford Fusion SE ("the vehicle"), vehicle identification number 3FAFP07Z66R198110, at Roberts Motors Inc. See Exhibit A, page 2, to Plaintiff's Complaint. Contemporaneously with the purchase, Roberts Motors Inc. assigned the dealership's rights under the installment contract to Ford Motor Credit Company. See Exhibit A, page 2, to Plaintiff's Complaint.

On August 24, 2009, Plaintiff filed a Chapter 13 bankruptcy, which provided for payment in full of the remaining balance of Plaintiff's debt for the vehicle, with the exception of a small difference in interest rates between the installment contract and the Chapter 13 Payment Plan. See Exhibit B to Plaintiff's Complaint. On September 2, 2009, Ford Motor Credit Company, LLC, filed a Proof of Claim in the Plaintiff's Chapter 13 case. See Exhibit A to Plaintiff's Complaint.

On November 13, 2014, Plaintiff received a discharge in his Chapter 13 bankruptcy, discharging the small difference in interest between the contract and the Chapter 13 Plan, and legally satisfying the lien on the vehicle. See Exhibit C to Plaintiff's Complaint.

On March 16, 2015, Plaintiff filed a single count putative class action against Defendant for failing to release his security interest in the vehicle.[1] On April 27, 2015, Plaintiff was finally provided a release of his security interest by Ford Motor Credit Company. See Exhibit D to Plaintiff's Complaint. Because Defendant failed to timely release the security interest, Plaintiff sued to enforce his rights in that security interest via the mechanism created by the Illinois legislature that requires holders of security interests to release them within a certain time period after satisfaction, or be monetarily penalized.

In Illinois, there is a self-executing statute which governs the releasing of security interests in motor vehicles after their satisfaction. That statute is 625 ILCS 5/3-205, and it states:

> Sec. 3-205. Release of security interest.
> (a) Within 21 days after receiving payment to satisfy a security interest in a vehicle for which the certificate of title is in the possession of the lienholder, he shall execute a release of his security interest, and mail or deliver the certificate and release to the next lienholder named therein, or, if none, to the owner or any person who delivers to the lienholder an authorization from the owner to receive the certificate. If the payment is in the form of cash, a cashier's check, or a certified check, the number of days is reduced to 10 business days. If the owner desires a new certificate reflecting no lien, the certificate and release from the lienholder may be submitted to the Secretary of State, along with the prescribed application and required fee, for issuance of that new certificate.
> (b) Within 21 days after receiving payment to satisfy a security interest in a vehicle for which the certificate of title is in the possession of a prior lienholder, the lienholder whose security interest is satisfied shall

---

[1] This case, 3:15-cv-509, was voluntarily dismissed without prejudice by the Plaintiff on July 15, 2015, and re-filed within the 1 year statute of limitations pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

> execute a release and deliver the release to the owner or any person who delivers to the lienholder an authorization from the owner to receive it. If the payment is in the form of cash, a cashier's check, or a certified check, the number of days is reduced to 10 business days. The lienholder in possession of the certificate of title may either deliver the certificate to the owner, or the person authorized by him, for delivery to the Secretary of State, or, upon receipt of the release, may mail or may deliver the certificate and release, along with prescribed application and require fee, to the Secretary of State, who shall issue a new certificate.
>
> (c) In addition to any other penalty, a lienholder who fails to execute a release of his or her security interest or who fails to mail or deliver the certificate and release within the time limit provided in subsection (a) or (b) is liable to the person or entity that was supposed to receive the release or certificate for $150 plus reasonable attorney fees and court costs. An action under this Section may be brought in small claims court or in any other appropriate court.

On July 14, 2016, Plaintiff re-filed his single count putative class action against Ford Motor Credit Company, LLC. On August 24, 2016, Defendant filed a Motion to Compel Arbitration, claiming there is a valid agreement between it and the Plaintiff to arbitrate, and that Plaintiff's cause of action falls within the scope of that agreement to arbitrate.[2] However, the cause of action -- enforcement of the security interest – was expressly excluded from the arbitration agreement by the parties, and as such, Defendant's Motion to Compel Arbitration should be denied.

## **ARGUMENT**

A court must compel arbitration if it finds that 1) there exists between the parties a valid arbitration agreement and 2) that the dispute at issue falls within the scope of that agreement.

---

[2] Plaintiff notes for the record that Ford, prior to a ruling on its Motion to Compel Arbitration, submitted a claim for this dispute to the American Arbitration Association, against Plaintiff's objections as contained in Plaintiff's prior pleadings in this case, which Plaintiff reasserts as a reason for this Court to deny the Motion to Compel Arbitration.

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985). The dispute here -- enforcement of the security interest in the vehicle -- was expressly excluded from arbitration by the parties, and so Defendant's Motion to Compel Arbitration must be denied.

The arbitration provision at issue here states in relevant part:

> **Rights You and We Do Not Give Up:** If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the security interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; and 4) Right to request that a court of law review whether the arbitrator exceeded its authority. (emphasis added)

See Plaintiff's Exhibit A, attached hereto and incorporated by reference. The parties' dispute in this case is entirely premised on enforcement of the security interest in the vehicle, a point which Defendant affirmatively states over and over in its Motion to Compel Arbitration: "Mr. Burcham filed a complaint against Ford Credit…in connection with Ford Credit's release of a security interest in the vehicle," (page 1); "Mr. Burcham filed this putative class action against Ford Credit challenging Ford Credit's failure to release its security interest in the vehicle," (page 3); "Mr. Burcham's claim relates to Ford Credit's security interest in the vehicle…." (page 4). Because this dispute was expressly excluded from arbitration by the parties, and because no one now challenges that the entire dispute hinges on the security interest, the parties' duties concerning it, and the enforcement of those duties, Defendant's Motion must be denied.

The United States Supreme Court has long held that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986). Here, Plaintiff and Defendant agreed to arbitrate, and not to arbitrate, certain disputes that could arise from the contractual relationship between them. Enforcement of the security

interest, whether by Plaintiff or Defendant, was expressly excluded from arbitration, if the need to enforce it arose for either party. The United States Supreme Court has also long held that the "FAA (Federal Arbitration Act) thereby places arbitration agreements on an equal footing with other contracts, *Buckeye, supra*, at 443, 126 S.Ct. 1204, and requires courts to enforce them according to their terms." *Rent-A-Center, West, Inc., v. Jackson*, 130 S.Ct. 2772, 2776 (2010), *citing Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Univ.,* 489 U.S. 468, 478 (1989). As such, this Court must enforce the parties' arbitration agreement according to the terms on which the parties agreed when they made the contract, that being that actions concerning the enforcement of the security interest by either party are excluded from arbitration. Therefore, Defendant's Motion must be denied.

## **CONCLUSION**

The dispute in this case, enforcement of the security interest, was expressly excluded from arbitration by agreement of the parties when they made the purchase contract. Defendant now attempts to persuade the Court that enforcement of the security interest is somehow falls into the category of "any claim, dispute, or controversy" between the parties, and it might, but for the parties' having specifically excluded this particular controversy. It is telling that Defendant, while quoting liberally from the arbitration agreement, neglects to direct the Court's attention to the exclusions paragraph. This is because this dispute is excluded, and the Defendant knows it, and knows the Court must deny its Motion to Compel.

WHEREFORE, for the foregoing reasons, Plaintiff Jeffrey P. Burcham, individually and on behalf of all others similarly situated, requests that this Court enter an Order denying the Motion to Compel Arbitration, and for any such other, further, and different relief as is appropriate under the circumstances, and as allowed by law.

By: /s/ Shari L. Murphy
One of His Attorneys
Shari L. Murphy #6279670
The Law Offices of Shari L. Murphy, LLC
P.O. Box 136
Wood River, Illinois 62095-0136
Telephone: (618) 797-8888
Facsimile: (618) 576-6239

Attorneys for Plaintiff and Proposed Class

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jeffrey P. Burcham, individually and on behalf of all other similarly situated, | ) ) ) | 3:16-cv-00943-DRH-SCW |
| Plaintiff, | ) ) ) ) ) ) | (Removed from the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois, Cause #2016-L-362) |
| Ford Motor Credit Company, LLC, | ) ) | |
| Defendant, | ) | |

NOTICE OF ELECTRONIC FILING AND CERTIFICATE OF SERVICE BY MAIL

On May 25, 2017, the undersigned electronically filed with the Clerk of the U.S. District Court the Response in Opposition to Motion to Compel Arbitration.

The Plaintiff served electronically the Response in Opposition to Motion to Compel Arbitration to all attorneys of record, and the following parties by mail:

NONE

by depositing a true copy of same, enclosed in a postage paid properly addressed envelope, in a Wood River City branch, official depository under the exclusive care and custody of the United States Postal Service, within the State of Illinois.

/s/ Shari L. Murphy