# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JEFFREY P. BURCHAM,**
    **Plaintiff,**

**v.**                      **No. 3:16-cv-00943-DRH-SCW**

**FORD MOTOR CREDIT COMPANY, LLC,**
    **Defendant.**

## ORDER

**HERNDON, District Judge:**

Before the Court is defendant Ford Motor Credit Company, LLC's ("Ford Credit") Motion to Compel Arbitration (Doc. 9). Plaintiff Jeffrey Burcham ("Burcham") opposes (Doc. 45). Based on the following, the Motion to Compel to is **GRANTED**.

## I. BACKGROUND

In July 2016, Burcham filed a one-count putative class action complaint naming defendant Ford Credit, and asserting violation of failure to release security interests on purchased vehicles pursuant to 625 ILCS 5/3-205 (Doc. 1-2). In August, Ford Credit filed a Motion to Compel Arbitration contending Burcham antecedently consented to arbitrate any claims, disputes, or controversies related to the purchase contract of his pre-owned 2006 Ford Fusion SE (Doc. 9). Particularly, Ford Credit argues the claim should be arbitrated because it falls within the scope of the retail installment contract's ("contract") arbitration

provision[1], and further maintains the dealership who sold Burcham the vehicle assigned its contract rights to Ford Credit (*Id.*). Moreover, Ford Credit alleges Burcham filed his class action complaint notwithstanding a contractual agreement to arbitrate all claims related to the purchase of his vehicle (*Id.* at 3); and for relief, requests this Court grant its motion to compel, effectively ordering submission to arbitration of disputed claims (*Id.* at 5-6).

In response, Burcham argues his cause of action—the enforcement of a security interest—was expressly excluded from the arbitration clause within the contract [2] (Doc. 45 at 3). Burcham contends the entire legal dispute is premised

---

[1] As relevant, the arbitration provision in question explained: Either you or Creditor ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Such Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this clause, or arbitrability of any issue; 3) Claims between you and us, your/our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

> **RIGHTS YOU AND WE AGREE TO GIVE UP**
> If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:
> - **RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY**
> - **RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION**
> - **BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT**
> - **RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR**
> - **OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT**

(Doc. 9-2).

[2] As relevant, arbitration provision at issue also stated:
> **Rights You And We Do Not Give Up:** If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the security interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; and 4) Right to request that a court of law review whether the arbitrator exceeded its authority.

on enforcement of security interest in his vehicle; and therefore, the motion to compel arbitration should be denied because the arbitration clause excludes the instant dispute, and neither party opposes the claim hinges on security interests (*Id.* at 4).

On the other hand, Ford Credit draws attention to a "delegation provision"[3] within the contract that enforces arbitration of "[c]laims regarding the interpretation, scope, or validity of [the arbitration provision], or arbitrability of any issue" (Docs. 46; 9-1 at 6; 9-2 at 2). What is more, Ford Credit contends the delegation provision must be imposed because Burcham neglected to raise a "gateway" issue or direct challenge in regard—as no argument presented categorically attacks the delegation provision (Doc. 46 at 2)[4]—and moreover, implores this Court to grant its motion to compel arbitration based on express terms of the contract.

## II. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), an arbitration clause within a "contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2. Whether a dispute is subject

---

[3] "[A] delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010); *see also Johnson v. W. & S. Life Ins. Co.*, 598 Fed. Appx. 454, 455 (7th Cir. 2015) (delegation provision confers exclusive authority on arbitrator to decide whether arbitration agreement is enforceable).

[4] As an alternative argument, Ford Credit vies Burcham's claim still misses the mark as a matter of law, due to the purported notion that he by no means was a secured party under terms of the contract; and, his comprehensive claim is to enforce a statutory right, not a security interest (Doc. 46 at 2-3).

to arbitration is a straightforward matter of contract interpretation; and if the contract is unclear, doubts should be resolved in favor of arbitration. *See Cty. of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 823 (7th Cir. 2006). "As with any contract, the touchstone for interpreting an arbitration clause must be the intention of the parties." *AGCO Corp. v. Anglin*, 216 F.3d 589, 593 (7th Cir. 2000).

A litigant may compel arbitration if the following circumstances are established: (1) a written agreement to arbitrate; (2) the existence of a dispute within the scope of the arbitration agreement; and (3) a refusal to arbitrate. *See* 9 U.S.C. § 4; *see also Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). Arbitration should not be denied unless a court is positively certain the arbitration clause is not at risk of an interpretation which encompasses the asserted dispute. *See McHenry,* 438 F.3d at 823.

### III. ANALYSIS

Ford Credit maintains that each enumerated statutory element required to compel arbitration under the FAA has been satisfied, namely: (1) the existence of a written arbitration agreement set forth in the contract; (2) a notion that Burcham's claim for alleged violation of 625 ILCS 5/3-205 falls within the scope of the written arbitration agreement; and (3) the fact that Burcham has refused to arbitrate his claim, inferred by the filing of his complaint against Ford Credit. However, Burcham argues his claim—the enforcement of the security interest in his vehicle—was expressly excluded from arbitration by the parties.

The Court finds that element (1)—the existence of a written arbitration agreement—and (3)—the refusal to arbitrate—have been fulfilled, *see* 9 U.S.C. § 4; *see also Zurich Am.*, 417 F.3d at 690 (explaining elements needed to be presented to compel arbitration), and now will turn to the question of whether element (2)—a dispute within the scope of the agreement—is sufficiently proved.

## A. DISPUTE WITHIN SCOPE OF ARBITRATION

Ford Credit contends claims regarding violation of 625 ILCS 5/3-205 fall within the scope of the arbitration agreement due to its coverage of any claims, disputes, or controversies related to the purchase contract; and any "[c]laims arising out of or relating to [Burcham's] application for credit, [the] contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign the contract."[5] Because the lawsuit relates to Ford Credit's security interest—which was created by the contract assignment—Ford Credit reasons the claim arose out of transactions or relationships resulting from the contract. *See Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909-10 (7th Cir. 1999) (explaining arbitration clause deemed broad when requiring parties to arbitrate any controversy or claim arising out of or relating to a contract; broad arbitration clauses create presumption of arbitrability).

Burcham's lone argument in retort is simply "that 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' " *AT&T Tech., Inc., v. Commc'ns Workers*

---

[5] *See* Doc. 9-1 at 6.

of Am., 475 U.S. 643, 648 (1986); *see also William Charles Constr. Co., LLC., v. Teamsters Local Union 627*, 827 F.3d 672, 679-80 (7th Cir. 2016) (recognizing fact arbitrators derive authority to resolve disputes only because parties have agreed to submit grievances to arbitration). In support, Burcham offers the plain language of the arbitration provision at issue, which unequivocally states, inter alia:

> **Rights You and We Do Not Give Up:** If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: … 2) Right to enforce the security interest in the vehicle, whether by repossession or through a court of law . . .

and, also tenders an established legal justification in that, while the FAA "embodies the national policy favoring arbitration [it also] places arbitration agreements on equal footing with all other contracts", *see Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006), "and requires courts to enforce them according to their terms." *Rent-A-Center*, 561 U.S. at 67-68.

## B. EXISTENCE OF A "DELEGATION PROVISION"

At this point in the analysis, it would appear the arbitration provision undoubtedly swings in Burcham's favor; however, the Court agrees with Ford Credit with respect to existence of a "delegation provision." *See id*. at 68 (defining delegation provision to mean provision delegating resolution of controversy to arbitrator; and, recognizing parties can agree to arbitrate gateway questions of arbitrability such as whether parties agree to arbitrate or whether their agreement covers a particular controversy). In short, unless a "delegation provision" is pointedly challenged, *the Court must treat it as valid and enforceable*, "leaving any

challenge to the validity of the Agreement as a whole for the arbitrator." *See id*. at 72 (where delegation provision not mentioned in opposition to motion to compel arbitration, court correctly concluded plaintiff challenged only validity of whole contract); *see also Johnson v. W. & S. Life Ins. Co.*, No. 14-3183, at 455 (7th Cir. April 14, 2015) (reasoning court could not consider challenges to validity of arbitration agreement because of delegation provision materially identical to one enforced by Supreme Court in *Rent-A-Center*); *Lee v. Uber Tech., Inc.*, 208 F. Supp. 3d 886, 891 (N.D. Ill. 2016) (written provision to arbitrate which includes delegation clause is valid irrevocable and enforceable without mention of validity of contract in which it is contained; party's challenge to other provision in contract or contract as a whole does not prevent court from enforcing specific agreement to arbitrate).

## C. LACK OF "DELEGATION PROVISION" CHALLENGE

Unfortunately, nothing in Burcham's response to the motion to compel mentions the "delegation provision" much less specifically challenges its legality. *Cf. Allscripts Healthcare, LLC., v. Etransmedia Tech., Inc.*, 188 F. Supp. 3d 696, 701 (N.D. Ill. 2016) (adopting consensus view that arbitration clause delegated authority to arbitrators to decide if claim was arbitrable). In fact, Burcham's entire argument bolstering opposition to arbitration consists of evidencing an exclusion—the right to enforce a security interest through a court of law.

Be that as it may, the "delegation clause" in the arbitration agreement is unambiguous in both declaring and requiring parties to arbitrate "[c]laims

regarding the interpretation, scope, or validity of [the arbitration] clause, or arbitrability of any issue." Accordingly, the Court **GRANTS** Ford Credit's Motion to Compel Arbitration (Doc. 9).

### III. CONCLUSION

Based on the foregoing, Ford Credit's Motion to Compel Arbitration (Doc. 9) is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 22nd day of June, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.06.22
15:32:35 -05'00'

**UNITED STATES DISTRICT JUDGE**